FILED
OCT 05 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Leonard C. Anderson, )
)
   Plaintiff, )
)
v. ) Civil Action No. 17-1733 (UNA)
)
U.S. Department of Justice *et al.*, )
)
   Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction and show the pleader's entitlement to relief. *See* Fed. R. Civ. P. 8(a). Plaintiff sues the United States, alleging that he was denied proper medical treatment while incarcerated within the U.S. Bureau of Prisons ("BOP"). In June 2017, plaintiff was released from BOP's custody, and he currently resides in the District of Columbia. *See* Compl. Attach [Dkt. # 1-1].

In the Complaint, plaintiff does not state a basis of jurisdiction, and he does not demand any relief. However, plaintiff has attached a form "Claim for Damage, Injury, or Death," which seeks $5 million for personal injury. But in order for this Court to exercise jurisdiction over such a claim, plaintiff must first exhaust his administrative remedies under the Federal Tort Claims Act

1

by presenting the claim "to the appropriate Federal agency" and obtaining a final written denial, or allowing six months to elapse without a final disposition. 28 U.S.C. § 2675(a). *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) (finding FTCA's exhaustion requirement to be "jurisdictional"); *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"). Plaintiff's claim form is dated June 7, 2017, which makes this action filed in August 2017 premature. In addition, plaintiff submitted the claim form to "Consolidated Legal Center" in Lexington, Kentucky, which does not appear to be a federal agency. Hence, this case will be dismissed for want of subject matter jurisdiction. A separate order accompanies this Memorandum Opinion.

Date: October __5__, 2017

_____
United States District Judge